IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DALE WOITA,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY d/b/a LINCOLN FINANCIAL GROUP,<br><br>Defendant. | NO. 8:25CV197<br><br>MEMORANDUM AND ORDER ON WOITA'S MOTION TO REMAND |

This case is before the Court on plaintiff Dale Woita's Motion to Remand. Filing 3. Woita requests that the Court remand his claim against defendant Lincoln National Life Insurance Company (Lincoln) for one-third share of an annuity valued at approximately $111,000 because the damages he seeks do not meet the requisite jurisdictional amount in controversy for diversity jurisdiction. Filing 3 at 1 (¶ 3). For the reasons below, the Motion to Remand is granted and this case is remanded to the District Court of Douglas County, Nebraska.

I.  BACKGROUND

On March 6, 2025, Woita filed an Amended Complaint in the District Court of Douglas County, Nebraska, naming Lincoln as the sole defendant. Filing 1-1 at 4–6. In the Amended Complaint, Woita alleges that his parents purchased an annuity from Lincoln in September 2004. Filing 1-1 at 4 (¶ 2). Woita calls the annuity "Contract # 95030446" and alleges that it was "in full force and effect" when his mother died in November 2021. Filing 1-1 at 4 (¶ 3). Woita's father had

1

died the year before Woita's mother. Filing 1-1 at 4 (¶ 3). Woita alleges that at the time of his mother's death, the value of the annuity was approximately $110,963.47. Filing 1-1 at 4 (¶ 4). According to Woita, he and his two brothers were each a one-third beneficiary of the annuity, meaning Woita's share of the annuity was approximately $36,987.82 at the time of his mother's death. Filing 1-1 at 4 (¶ 5). However, Woita claims that he never received notice from Lincoln that he was a beneficiary. Filing 1-1 at 4 (¶ 6). Woita alleges that his mother's estate notified him of his beneficiary status for the first time in late 2023, and by that time the value of his one-third share had allegedly dropped to about $10,000. Filing 1-1 at 5 (¶¶ 8–9). Woita claims that if Lincoln had notified him that he was a beneficiary shortly after his mother's death, he would have "immediately cashed out" his one-third share because "the value of the entire contract was over $111,000 as of December 2021." Filing 1-1 at 5 (¶ 10). Instead, Woita alleges that he "lost the value of the contract by Defendant's failure to timely notify." Filing 1-1 at 5 (¶ 11). As a result, Woita requests judgment for the value of the annuity to him as of December 2021, which he claims "would have been 1/3 of $111,000+, for his fees and costs, and [for] other relief as may be proper." Filing 1-1 at 5 (Request for Relief).

On March 18, 2025, Lincoln removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Filing 1. In its Notice of Removal, Lincoln invokes this Court's diversity jurisdiction. Filing 1 at 3 (¶¶ 9–10). Lincoln asserts that it is an Indiana corporation with its principal place of business in Pennsylvania while Woita is a citizen of Nebraska. Filing 1 at 3 (¶¶ 12–13). Lincoln also claims that although Woita does not allege a specific amount of damages, the amount in controversy exceeds $75,000 because Woita may be entitled to attorney's fees under Neb. Rev. Stat. § 44-349. Filing 1 at 4 (¶¶ 19–20).

2

Woita filed a Motion to Remand on March 21, 2025, asserting that Lincoln's removal of the case was improper because "under no possible construction of the facts in this case could the damages in this case be in excess of $75,000." Filing 3 at 1 (¶ 3). Woita acknowledges diversity of citizenship with Lincoln but argues that Lincoln cannot meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 because Lincoln "has not asserted any basis by which Plaintiff's claim could be larger than what was stated in his Complaint and Amended Complaint (i.e. no more than about $36,987.82)." Filing 3 at 2 (¶¶ 7, 9–10). Woita did not file a brief in support of his Motion or a brief replying to Lincoln's opposition brief, Filing 5.[1] The Court now considers the Motion to Remand.

## II. APPLICABLE STANDARDS

"When a case is in federal court because it has been removed there by the defendant and it turns out the district court lacks subject matter jurisdiction to decide the claims, 'the case shall be remanded.'" *Schumacher v. SC Data Ctr., Inc.*, 33 F.4th 504, 514 (8th Cir. 2022). "Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court when the action could originally have been brought in a federal court." *Cagle v. NHC Healthcare-Maryland Heights, LLC*, 78 F.4th 1061, 1065 (8th Cir. 2023). "In other words, the federal court must have original

---

[1] In his Motion to Remand, Woita explains that, in his opinion, "a separate brief in support of this motion is not needed nor is any evidentiary hearing . . . **unless and until Defendant provides actual evidence** to this Court suggesting that the actual value of this case to Plaintiff is anywhere close to $75,000." Filing 3 at 3 (¶ 16) (emphasis in the original). Although Woita may not believe a separate brief is necessary, this Court's local rules provide that "[a] motion raising a substantial issue of law must be supported by a brief filed and served together with the motion." NECivR 7.1(a)(1)(A). Because Woita failed to file a brief in support of his motion challenging something as substantial as subject matter jurisdiction, it is within the Court's discretion to consider Woita to have abandoned in whole his position on his Motion to Remand. NECivR 7.1 (a)(1)(B) ("If the court concludes that a motion raises a substantial issue of law, however, it may treat the failure to file a brief as an abandonment of the motion."). The Court nevertheless exercises its discretion to consider Woita's motion and reminds him of his duty to comply with the Court's local rules in the future. *See R.A.D. Servs. LLC v. State Farm Fire & Cas. Co.*, 60 F.4th 408, 412 (8th Cir. 2023) ("The district court has considerable discretion in applying its local rules." (internal quotation marks and citation omitted)).

jurisdiction over the case." *Minnesota by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 708–09 (8th Cir. 2023).

Lincoln's removal of this case is based on diversity jurisdiction, and the parties do not argue that any other exercise of federal jurisdiction would be appropriate. "As such, subject-matter jurisdiction exists here only if the requirements of diversity jurisdiction are met." *Turntine v. Peterson*, 959 F.3d 873, 879 (8th Cir. 2020). "Diversity jurisdiction has two requirements: complete diversity of citizenship of the adverse parties, *see Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 899 (8th Cir. 2015) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed 435 (1806)), and an amount in controversy exceeding $75,000, 28 U.S.C. § 1332(a)." *Turntine*, 959 F.3d at 880. The first requirement is not at issue here, as Woita "admits that the parties are residents of different states." Filing 3 at 1 (¶ 3). The only question is whether the amount in controversy requirement is satisfied.

"[A]s the proponent of federal jurisdiction, the removing party 'bears the burden of proving that the jurisdictional threshold is satisfied.'" *Turntine*, 959 F.3d at 881 (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)). Put differently, the removing party "has to show the amount in controversy [ ] exceeds the sum or value of $75,000, exclusive of interests and costs." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citing 28 U.S.C. § 1332(a)). "The 'relevant jurisdictional fact' the removing party must prove here is 'whether a fact finder might legally conclude' that 'the damages are greater than the requisite amount.'" *Turntine*, 959 F.3d at 881 (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). As the Eighth Circuit Court of Appeals has explained,

> "In some cases," the removing defendant will need "to provide additional evidence demonstrating that removal is proper" to satisfy the burden. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). "In other cases, however, it may be

'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," and "the court itself may be better-situated to accurately assess" whether this is so. *Id.* A court may "employ[ ] its judicial experience or common sense" to ascertain whether the relevant jurisdictional fact is present." *See id.* at 1063; *see also Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (per curiam) (noting that the amount in controversy may be established by "specific factual allegations . . . combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations").

*Turntine*, 959 F.3d at 881. "Once the removing party carries its burden, 'remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.'" *Id.* "The legal certainty standard is met where the legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Schubert*, 649 F.3d at 822 (internal quotation marks and citation omitted).

### III. ANALYSIS

Applying these standards, the Court concludes that Lincoln—the party seeking to invoke this Court's jurisdiction—has not carried its burden to prove by a preponderance of the evidence that a fact finder might legally conclude the damages in this case exceed $75,000. *See Kopp*, 280 F.3d at 885 (explaining that "[t]he jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are").

Woita has not requested a specific amount of damages in his Amended Complaint. Instead, he seeks "judgment for the value of Contract #953030446 as of December 2021 which would have been 1/3 of $111,000+, for his fees and costs, and [for] other relief as may be proper." Filing 1-1 at 5 (Request for Relief). At a minimum then Woita requests $37,000—or one-third of "$111,000+"— along with "fees and costs." He does not specify the type of fees he seeks to recover. *See generally* Filing 1-1 at 4–6. Nevertheless, his prayer for "fees and costs" reasonably includes a prayer for attorney's fees. When a plaintiff pleads an unspecified amount of damages, "the amount in

controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Turntine*, 959 F.3d at 880 (internal quotation marks and citation omitted). In other words, "the amount in controversy is measured by the value to the plaintiff of the right sought to be enforced." *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 977 (8th Cir. 2016) (internal quotation marks and citation omitted).

  The parties seem to agree that the value to Woita of the right he seeks to enforce—his alleged right to a one-third share of his parents' annuity—is approximately $37,000. *See* Filing 1-1 at 4 (¶ 5), 5 (Request for Relief); Filing 1 at 2 (¶ 7), 4 (¶ 20). There is no question that this amount falls well below the jurisdictional threshold. Lincoln asserts that compensatory damages and punitive damages are included in the amount in controversy calculation, but Woita has not requested such damages, and Lincoln does not contend that Woita seeks such damages. Filing 1 at 4 (¶¶ 18–21); *see generally* Filing 1-1 at 4–6. Instead, Lincoln's entire argument that damages in this case can "plausibly exceed $75,000" turns on a possible award of attorney's fees pursuant to Neb. Rev. Stat. § 44-359. Filing 1 at 4 (¶ 20). That statute states in relevant part,

> In all cases when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy, except workers' compensation insurance, or upon any certificate issued by a fraternal benefit society, against any company, person, or association doing business in this state, the court, upon rendering judgment against such company, person, or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs.

Neb. Rev. Stat. § 44-359. The Eighth Circuit has held that "[s]tatutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017). *See also Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) ("[O]nly statutory attorney fees count toward the jurisdictional minimum calculation.").

Even assuming that Neb. Rev. Stat. § 44-359 applies to Woita's claim, however, the only feasible way Lincoln could carry its burden to prove that the jurisdictional threshold is satisfied is by showing that a "reasonable sum" of statutory attorney's fees alone is somehow greater than the entire $37,000 Woita seeks for his one-third share of his parents' annuity. *See Turntine*, 959 F.3d at 881 ("[A]s the proponent of federal jurisdiction, the removing party 'bears the burden of proving that the jurisdictional threshold is satisfied.'" (quoting *Bell*, 557 F.3d at 956)). Lincoln claims that "there is a very real potential" that an award of statutory attorney's fees will push the damages across the jurisdictional threshold, arguing it is "legally possible to conclude" that Woita's claim will ultimately result in damages "at least equal to the amount of the annuity at issue." Filing 5 at 4. Lincoln asserts that "the amount of attorney fees [Woita] is likely to seek will, even standing alone, approach the jurisdictional amount," but Lincoln altogether fails to offer evidence supporting this argument. Filing 5 at 4. Lincoln does not point to any specific facts suggesting what a reasonable amount of attorney's fees could be in this case, much less any facts suggesting that a reasonable amount of attorney's fees could "approach the jurisdictional amount." For instance, Lincoln has not provided any evidence of Woita's attorney's fees as of the date of removal or any evidence of Woita's counsel's rate. Lincoln also has not cited any cases demonstrating that such a large award of attorney's fees would be considered a "reasonable sum" under Neb. Rev. Stat. § 44-359.

Absent evidentiary support, Lincoln's assertion that statutory attorney's fees in this matter will "even standing alone[ ] approach the jurisdictional amount" is conjecture. *See Guenther v. Time Ins. Co.*, No. 8:07CV454, 2008 WL 731593, at *2 (D. Neb. Mar. 17, 2008) (remanding the case to state court for lack of subject matter jurisdiction because "[t]he Defendant's assertion that attorney's fees in this matter will exceed $50,000 is unsupported by any evidence and is complete conjecture"). Because Lincoln has not provided any evidence suggesting that it is more likely than not that a

7

potential award of statutory attorney's fees could push Woita's $37,000 claim across the jurisdictional threshold, Lincoln has not carried its burden to prove by a preponderance of the evidence that a fact finder might legally conclude that the damages are greater than $75,000. *See Turntine*, 959 F.3d at 881 ("The 'relevant jurisdictional fact' the removing party must prove here is 'whether a fact finder might legally conclude' that 'the damages are greater than the requisite amount.'" (quoting *Kopp*, 280 F.3d at 885)). The Court thus lacks subject matter jurisdiction over this case. *See Turntine*, 959 F.3d at 879 (explaining that "subject-matter jurisdiction exists here only if the requirements of diversity jurisdiction are met"). As a result, the case must be remanded to the District Court of Douglas County, Nebraska.

Finally, Lincoln has two requests "[i]n the event the Court decides that remand is proper." Filing 1 at 5 (¶ 26). First, Lincoln asks the Court "to retain jurisdiction and allow [Lincoln] to file a motion asking this Court to certify any remand order for interlocutory review by the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b)." Filing 1 at 5 (¶ 26). Second, Lincoln asks the Court to "expressly state in [its] order that Plaintiff's potential recovery must be limited to $36,987.82, including any claim for attorney fees and costs." Filing 5 at 5. Both of these requests are denied. Section 1292(b) grants a district court discretion to certify for interlocutory appeal an order that is not otherwise appealable, but "§ 1292(b) should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, such as in antitrust and similar protracted cases." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (internal quotation marks and citation omitted). Put simply, Lincoln has not met its "heavy burden of demonstrating that [this] case is an exceptional one in which immediate appeal is warranted" under § 1292(b), *id.*, nor has Lincoln even attempted to argue that certification for appeal would appropriate on any other grounds, such as under Federal Rule of Civil Procedure 54(b). Lincoln also has not cited a single

8

authority suggesting that it would be appropriate for the Court to limit Woita's claim on remand. *See generally* Filing 5. On the contrary, the law is quite clear that "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (internal quotation marks and citation omitted). Accordingly, the Court remands this case to state court without making any further rulings. *See id.* ("Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (internal quotation marks and citation omitted)).

## IV. CONCLUSION

For the foregoing reasons,

IT IS ORDERED:

1. Woita's Motion to Remand, Filing 3, is granted; and

2. This case is remanded to the District Court of Douglas County, Nebraska.

Dated this 16th day of June, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge